United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT JAMES RICAÑA,

    Plaintiff,

    v.

CITY OF SAN JOSE, and others,

    Defendants.

Case No. 25-cv-06389-NC

**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

Re: ECF 40

Plaintiff Robert Ricaña alleges four causes of action against Defendants City of San Jose, San Jose Police Department, County of Santa Clara, and Deputy Hernandez arising from Plaintiff's arrest and injuries he sustained by other inmates during his incarceration. Defendants County of Santa Clara and Hernandez move to dismiss Plaintiff's fourth claim for failure-to-protect, arguing that it is insufficiently alleged and conclusory. For the reasons below, the Court GRANTS Defendants' Motion to Dismiss without leave to amend.

I.    BACKGROUND

    A.    Factual Background

Plaintiff alleges the following. Plaintiff was housed at the Santa Clara County Main Jail. EFC 39 (Second Amended Complaint, SAC) ¶ 35. While incarcerated, Plaintiff

submitted approximately nine grievances related to safety concerns and misconduct by deputies. *Id*. In addition, Plaintiff verbally reported threats he received from other inmates to jail staff. *Id*. ¶ 37. Plaintiff refused to leave his cell for programming for several days due to fear of assault from other inmates; jail staff were aware of this. *Id*. ¶¶ 38, 39. While Plaintiff was housed in Unit 7C, an unknown deputy remotely manipulated the cell door's locking mechanism, disabling Plaintiff's ability to secure the door. *Id*. ¶¶ 40, 41. Plaintiff filed a grievance regarding this incident. *Id*. ¶ 43. On a separate occasion, a different deputy opened Plaintiff's cell door, stating something to the effect that he could "open the door whenever he wanted to," and could "do whatever he wanted." *Id*. ¶ 44. No protective measures were implemented following Plaintiff's complaints. *Id*. ¶ 46. On the day Plaintiff was assaulted, Hernandez unlocked the cell door without a legitimate security or programming reason. *Id*. ¶¶ 48, 49. Immediately after the door was opened, inmates entered Plaintiff's cell and assaulted him with their fists. *Id*. ¶¶ 51, 52. Hernandez was the only deputy present in the housing unit during the incident. *Id*. ¶ 53. Plaintiff suffered lacerations and bruising to his face, which was documented by medical staff. *Id*. ¶¶ 54, 55. Plaintiff filed a grievance regarding the assault which was denied following review. *Id*. ¶¶ 56, 57.

### B.    Procedural Background

On July 30, 2025, Plaintiff filed the original complaint. ECF 1. On March 26, 2026, Plaintiff filed the SAC. ECF 39. Defendants County of Santa Clara and Hernandez filed a motion to dismiss the SAC's fourth claim asserted against them. ECF 40. Plaintiff opposed. ECF 42. Defendants replied. ECF 43. All parties have consented to magistrate judge jurisdiction. ECF 3, 20, 23, 49.

## II.    LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

United States District Court
Northern District of California

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014).  A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.    DISCUSSION

Plaintiff alleges a failure-to-protect claim under 42 U.S.C. § 1983 against both Hernandez and Santa Clara County.  SAC ¶¶ 90–107.  The Court will analyze the claim with respect to Hernandez and Santa Clara separately below.

### A.    Plaintiff Fails to State a Failure-to-Protect Claim Against Hernandez

The SAC alleges that Hernandez failed to protect Plaintiff from fellow inmate violence.  SAC ¶ 96.  Defendants argue that there are "no facts alleged demonstrating that Deputy Hernandez acted with deliberate indifference," as required to state a failure-to-protect claim.[1]  ECF 40 at 6.

To allege a failure-to-protect claim against an individual defendant, a plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Castro v. Cty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016).  Four elements must be met.  First, the defendant must have "made an intentional decision with respect to

---

[1] Defendants' motion to dismiss additionally argues that Hernandez was not properly served and should be removed as a Defendant.  ECF 40 at 4–5.  However, because the Court subsequently screened the SAC and ordered service, Defendants opted "not to challenge service issues on Deputy Hernandez at this time."  ECF 43 at 2.  The Court therefore omits the service issue from this analysis.

*United States District Court*
*Northern District of California*

the conditions under which the plaintiff was confined." *Id*. Second, those conditions must have "put the plaintiff at substantial risk of suffering serious harm." *Id*. Third, the defendant must fail to take "reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious." *Id*. Finally, the plaintiff must allege that "by not taking such measures, the defendant caused the plaintiff's injuries." *Id*.

As to the first element, Hernandez made an "intentional decision" that affected the "conditions under which the plaintiff was confined" because Hernandez unlocked Plaintiff's cell door. *Castro*, 833 F.3d at 1071. *Castro* offers the following example to explain the intention inquiry: "if the claim relates to inadequate monitoring of the cell, the inquiry would be whether the officer chose the monitoring practices rather than, for example, having just suffered an accident or sudden illness that rendered him unconscious and thus unable to monitor the cell." *Id*. at 1070. Here, neither party alleges that Hernandez accidentally opened the cell door. Taking the SAC as true, Hernandez made an intentional decision, and the first element is satisfied.

Second, Hernandez "put the [P]laintiff at substantial risk of suffering serious harm." *Castro*, 833 F.3d at 1071. Plaintiff alleges other inmates assaulted him immediately after Hernandez opened the door, leaving Plaintiff with bruises and lacerations. SAC ¶¶ 51, 52. If Hernandez had not opened the cell door, Plaintiff may not have been assaulted. So, this element is met.

However, as explained below, the third and fourth elements are not met so Plaintiff cannot maintain a failure-to-protect claim against Hernandez.

### i.    *Plaintiff Fails to Allege that Hernandez's Actions Were Objectively Unreasonable*

Defendants argue that Plaintiff fails to allege that Hernandez acted with objective unreasonableness. ECF 40 at 5–6. Plaintiff alleges that he verbally reported and filed several grievances with "jail staff," but does not allege that Hernandez was specifically

4

warned.  SAC ¶¶ 35, 36, 37, 43.

For the third element to be met, the defendant's conduct must be objectively unreasonable, a test that will necessarily "turn[]on the 'facts and circumstances of each particular case.'"  *Castro*, 833 F.3d at 1071 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)).  A "mere lack of due care by a state official" does not amount to a constitutional violation.  *Id*.  Instead, as previously noted, Plaintiff must prove "more than negligence but less than subjective intent" to have a successful failure-to-protect claim.  *Id*.

In *Tolbert*, the court dismissed a failure-to-protect claim where the allegations were based on what the plaintiff "assume[d]" the defendant knew.  *Tolbert v. Contra Costa Cnty. Det. Facility et al.*, No. 21-cv-09673-EJD, 2025 WL 636736, at *5 (N.D. Cal. Feb. 27, 2025).  There, the plaintiff did not allege that the defendant specifically knew that the plaintiff was in danger of attack.  *Id*.  So, the *Tolbert* court found the claim to be insufficient.  *Id*.; *see also Shaffer v. City of San Jose*, No. 25-cv-01308-NW, 2026 WL 447519, at *2 (N.D. Cal. Feb, 17, 2026) (dismissing claim which failed to allege defendant was aware of plaintiff's adverse history with a cellmate).  The facts are similar here.  The claim does not rise above negligence without facts showing that Hernandez was aware of the threat, disregarded it, and therefore exhibited deliberate indifference.  Plaintiff does not successfully allege the third element.

Because Plaintiff does not allege facts showing that Hernandez was objectively unreasonable, the Court cannot analyze the fourth element which requires a showing that, "by not taking such [reasonable available] measures, the defendant caused the plaintiff's injuries."  *Castro*, 833 F.3d at 1071.  Because Hernandez acted reasonably, the Court need not determine what additional measures could have been taken to prevent Plaintiff's injuries.  *See Wright v. Kern City*, No. 25-cv-01251-SAB, 2026 WL 1328452 at *3 (E.D. Cal. May 13, 2026) (holding plaintiff failed to state a cognizable failure-to-protect claim where he did not allege facts showing that "by simply opening [a] connecting door . . . [defendant] failed to take reasonable steps to abate" a risk of serious harm).  Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Hernandez.

United States District Court
Northern District of California

**B.    Plaintiff Fails to State a Failure-to-Protect Claim Against Santa Clara County**

The County argues that it is not liable for Hernandez's actions as "[§] 1983 does not allow for *respondeat superior* liability."  ECF 40 at 11–18.  Indeed, the Supreme Court held that a municipality "cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  However, a municipality can be liable for a § 1983 claim, if "a plaintiff [] show[s] that a 'policy or custom' led to the plaintiff's injury."  *Castro*, 833 F.3d at 1073.  Here, Plaintiff must show that the alleged policy or custom "reflects deliberate indifference to the constitutional rights of its inhabitants" and was a "direct causal link" to the alleged constitutional violation.  *Id*. at 1073, 1075 (quoting *City of Canton v. Harris*, 489 U.S. 378, 385, 392 (1989)).  Additionally, entity defendants must have "notice that their customs or policies posed a substantial risk of serious harm to persons detained."  *Id*. at 1078.

Plaintiff contends that the County was operating under a longstanding policy or custom of "deflect[ing] accountability for deputy misconduct."  ECF 42 at 6.  The County argues that Plaintiff does not properly allege such a policy or custom.  ECF 40 at 8–9.

**i.    *Plaintiff Fails to Allege the Existence of a Longstanding Custom or Policy***

Plaintiff argues that the County has a longstanding policy or custom "within Santa Clara Main Jail to deflect accountability for deputy misconduct through grievance denials and internal review processes rather than addressing the underlying safety violations."  ECF 42 at 6.  Plaintiff states that "these practices were longstanding and well known within the Santa Clara County Main Jail and created conditions in which deputies could misuse cell-door controls without accountability."  *Id*. ¶ 102.  However, Plaintiff does not describe how the practices were "longstanding" and "well known" or detail any incidents beyond the one at issue.  Because the complaint recounts an isolated incident involving

6

Hernandez, the claim falls under *respondeat superior* and is barred.  Plaintiff does not plausibly allege a County policy or custom.

### ii.       *Plaintiff Fails to Show a Direct Causal Link Between the Alleged Policy and the Constitutional Violation*

Plaintiff must allege a "direct causal link" between the constitutional violation and the custom or policy.  *Castro*, 833 F.3d at 1073, 1075.  Plaintiff alleges the policy, to deflect accountability for deputy misconduct through grievance denials and internal review processes, was a "moving force behind the violation of [his] constitutional rights."  SAC ¶¶ 100, 102.  However, if the alleged policy was in fact in place, its absence would not have prevented Hernandez from unlocking Plaintiff's cell door.  The SAC does not detail how the alleged policy *directly caused* Plaintiff's assault.  Plaintiff's allegations do not satisfy this element.

### iii.      *Plaintiff Fails to Allege Deliberate Indifference*

As *Castro* describes, it is not enough for Plaintiff to identify a municipal policy or custom that caused his injury.  833 F.3d at 1076.  Plaintiff must also "demonstrate that the custom or policy was adhered to with 'deliberate indifference to the constitutional rights of [the jail's] inhabitants.'"  *Id*. (quoting *City of Canton*, 489 U.S. at 492).  Here, Plaintiff alleges that "this pattern of deflecting accountability and failing to discipline deputies reflects a policy, custom, or practice of deliberate indifference to inmate safety," but does not offer facts that show this alleged pattern.  SAC ¶ 101.  The County argues, and the Court agrees, that this allegation is conclusory and does not properly allege the demanding deliberate indifference standard.  In addition, Plaintiff does not offer facts showing the County itself was on notice of the alleged policy or the risk of constitutional harm.  *Castro*, 833 F.3d at 1078.  As such, this element is not met.

**C.      The Court Does Not Grant Leave to Amend**

Plaintiff has had two opportunities to cure his complaint and has failed to do so. ECF 8, 39.  So, the Court denies leave to amend the SAC because any amendment would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding leave to amend may be denied if there is a "repeated failure to cure deficiencies by amendments previously allowed"); *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal."); *Yan-Tao Li v. Jie Suo*, No. 24-cv-05055-AMO, 2026 WL 206708, at *4 (N.D. Cal. Jan. 27, 2026) (finding plaintiff not entitled to leave to amend because he "failed to state a claim after multiple attempts to amend his complaint").  Plaintiff's case will continue without the fourth claim.

**IV.      CONCLUSION**

Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's fourth claim against Defendants Santa Clara County and Hernandez without leave to amend. As this order resolves all claims against Santa Clara County and Hernandez, both parties are terminated from this case.

**IT IS SO ORDERED.**

Dated:  June 25, 2026                    _____

NATHANAEL M. COUSINS

Chief United States Magistrate Judge

United States District Court
Northern District of California

8